Douglas E. Smith, *Pro Hac Vice*
desmith@littler.com
Adam E. Brauner, OSB No. 155133
abrauner@littler.com
Jennifer Warberg, OSB No. 035472
jwarberg@littler.com
LITTLER MENDELSON, P.C.
121 SW Morrison
Suite 900
Portland, OR 97204
Telephone:    503.221.0309
Fax No.:      503.242.2457

Attorneys for Defendants
First Student, Inc., and First Student Management, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CHELSEA PECK, individually and on behalf of all similarly situated,** | Case No.: 3:17-cv-00863-SI |
| Plaintiff, | DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM FOR ATTORNEY FEES |
| v. | |
| **FIRST STUDENT, INC., a foreign corporation, and FIRST STUDENT MANAGEMENT, LLC, a foreign limited liability company,** | |
| Defendants. | |

Defendants, First Student, Inc. and First Student Management, LLC, (collectively "Defendants") by and through their attorneys of record, Littler Mendelson, P.C., and in answer to Plaintiff's Complaint (hereinafter "Complaint") hereby admit, deny and allege as follows:

## I. NATURE OF THE ACTION

1.

Paragraph 1 of Plaintiff's Complaint purports to be a summary of the nature of Plaintiff's claims to which no response is required from Defendants. To the extent a response is required, Defendants deny all allegations contained in Paragraph 1 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

2.

Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore deny the same. Defendants specifically deny that they are subject to any liability in this action.

3.

Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was employed by Defendants in the State of Oregon during the single seven-day pay period ending October 1, 2016, after which she voluntarily quit her employment. Except as so admitted, Defendants deny all allegations contained in Paragraph 3.

4.

Defendants admit Paragraph 4 of Plaintiff's Complaint.

5.

Defendants admit Paragraph 5 of Plaintiff's Complaint.

6.

Defendants admit Paragraph 6 of Plaintiff's Complaint.

7.

Paragraph 7 of Plaintiff's Complaint contains legal assertions/conclusions to which no response is required from Defendants. To the extent a response is required, Defendants admit that they regularly engage in business activities within the State of Oregon, and that Plaintiff has alleged that the events set forth in Plaintiff's Complaint occurred in the State of Oregon. Except as so admitted, Defendants deny all allegations contained in Paragraph 7 of Plaintiff's

Complaint.

## III. PARTIES

8.

Answering Paragraph 8 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was employed by Defendants in the State of Oregon during the single seven-day pay period ending October 1, 2016, after which she voluntarily quit her employment. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 8, and specifically deny that this action is appropriate to be certified or maintained as a class action.

9.

Answering Paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was employed by Defendants in the State of Oregon during the single seven-day pay period ending October 1, 2016, after which she voluntarily quit her employment. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 9, and specifically deny that this action is appropriate to be certified or maintained as a class action.

## IV. FACTUAL ALLEGATIONS

10.

Answering Paragraph 10 of Plaintiff's Complaint, Defendants admit that they provide transportation-related services to school districts and other clients in the State of Oregon. Except as so admitted, Defendants deny all allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Paragraph 11 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants deny all

allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Paragraph 12 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants deny all allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny Paragraph 13 of Plaintiff's Complaint.

14.

Answering Paragraph 14 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck signed and submitted written applications for employment with Defendants on May 4, 2016 and September 15, 2016. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that they interviewed Plaintiff Peck after she submitted her May 4, 2016 written application for employment with Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit that employment applications and pre-hire interviews are used as part of the process of determining whether to hire an applicant as a school bus driver. Except as so admitted, Defendants deny all allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Answering Paragraph 17 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck signed a contingent offer of employment with Defendants on May 5, 2016. Defendants are

unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Answering Paragraph 18 of Plaintiff's Complaint, Defendants assert that the language of Plaintiff's May 5, 2016 contingent offer of employment speaks for itself. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Answering Paragraph 19 of Plaintiff's Complaint, Defendants assert that the language of Plaintiff's May 5, 2016 contingent offer of employment speaks for itself. Except as so admitted, Defendants deny all allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck signed a contingent offer of employment with Defendants on May 5, 2016. Except as so admitted, Defendants deny all allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Answering Paragraph 21 of Plaintiff's Complaint, Defendants admit that prior to obtaining the necessary licensing and endorsements to work as a school bus driver, federal and state law required Plaintiff Peck to complete and pass certain medical, dexterity and drug testing. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit that successful completion of all applicable school bus driver training and licensing requirements is required to

be hired as a school bus driver for Defendants. Except as so admitted, Defendants deny all allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Answering Paragraph 23 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was employed by Defendants in the State of Oregon as an at-will employee during the single seven-day pay period ending October 1, 2016, after which she voluntarily quit her employment. Except as so admitted, Defendants deny all allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Answering Paragraph 24 of Plaintiff's Complaint, Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

25.

Answering Paragraph 25 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was not subject to a collective bargaining agreement or a member of a union while employed by Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

26.

Answering Paragraph 26 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was an at-will employee who did not have a contract with Defendants for a definite period of employment. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

27.

Answering Paragraph 27 of Plaintiff's Complaint, Defendants admit that during the time period applicable to this action the workweek for school bus drivers employed by Defendants in the State of Oregon ran from Sunday through Saturday.

28.

Answering Paragraph 28 of Plaintiff's Complaint, Defendants admit that they employed

Plaintiff Peck as a school bus driver in the State of Oregon during the single seven-day pay period ending October 1, 2016, after which Plaintiff voluntarily quit her employment. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

29.

Answering Paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck was employed by Defendants in the State of Oregon during the single seven-day pay period ending October 1, 2016, after which she voluntarily quit her employment.

30.

Paragraph 30 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants deny all allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny all allegations regarding Plaintiff Peck. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

32.

Defendants deny Paragraph 32 of Plaintiff's Complaint.

33.

Defendants deny Paragraph 33 of Plaintiff's Complaint.

34.

Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny all allegations regarding Plaintiff Peck. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case.

35.

Paragraph 35 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants deny all

allegations contained in Paragraph 35 of Plaintiff's Complaint.

## V. CLASS ACTION ALLEGATIONS RELATING TO RULE 32 DEFINITION OF CLASS

36.

Paragraph 36 of Plaintiff's Complaint consists of a statement of Plaintiff's legal position in this action, and therefore requires no response from Defendants. To the extent a response is required, Defendants deny all allegations contained in Paragraph 36 of Plaintiff's Complaint, and specifically deny that this action is appropriate to be certified or maintained as a class action.

### NUMEROSITY

37.

Answering Paragraph 37 of Plaintiff's Complaint, Defendants admit that the proposed class described and defined in Paragraph 36 of Plaintiff's Complaint exceeds 50 persons. Except as so admitted, Defendants deny all allegations contained in Paragraph 37 of Plaintiff's Complaint.

### COMMONALITY

38.

Defendants deny Paragraph 38 of Plaintiff's Complaint, including all subparts thereto.

### TYPICALITY

39.

Defendants deny Paragraph 39 of Plaintiff's Complaint, including all subparts thereto.

### ADEQUACY OF REPRESENTATION

40.

Defendants deny Paragraph 40 of Plaintiff's Complaint, including all subparts thereto.

### ORCP 32H NOTICES

41.

Answering Paragraph 41 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent a pre-litigation demand letter dated November 17, 2016 to Defendant First Student,

Inc. (but not to Defendant First Student Management, LLC). Defendants deny that this November 17, 2016 pre-litigation demand letter from Plaintiff's counsel named, identified, mentioned or discussed Plaintiff Peck, or indicated in any manner that the letter was being sent on behalf of Plaintiff Peck. Defendants further admit that Plaintiff's counsel sent a subsequent pre-litigation demand letter dated February 6, 2017 to Defendant First Student Management, LLC, and to counsel for Defendant First Student, Inc. (but not directly to Defendant First Student, Inc.). Defendants deny that this subsequent February 6, 2017 pre-litigation demand letter from Plaintiff's counsel named, identified, mentioned or discussed Plaintiff Peck, or indicated in any manner that the letter was being sent on behalf of Plaintiff Peck. Except as so admitted, Defendants deny all allegations contained in Paragraph 41 of Plaintiff's Complaint, and specifically deny that Plaintiff's counsel's November 17, 2016 and February 6, 2017 pre-litigation demand letters complied with the requirements of ORCP 32H.

42.

Answering Paragraph 42 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel sent an April 4, 2017 letter entitled "Demand and Notice of Unpaid Wages and Penalty Wages of Chelsea Peck" to the undersigned counsel for Defendants. Except as so admitted, Defendants deny all allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.

Defendants deny all allegations contained in Paragraph 43 of Plaintiff's Complaint.

## SUPERIORITY OF CLASS ACTION

44.

Defendants deny all allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.

Defendants deny all allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.

Defendants deny all allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendants deny all allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

Defendants deny all allegations contained in Paragraph 48 of Plaintiff's Complaint.

**CLAIM FOR RELIEF**

49.

Defendants incorporate their responses to Paragraphs 1-48 above.

50.

Answering Paragraph 50 of Plaintiff's Complaint, Defendants admit that Plaintiff Peck attended Defendants' pre-hire school bus driver training program at various times between May 9, 2016 and September 21, 2016. Defendants further admit that Plaintiff Peck attended First Student's separate new hire orientation on September 28, 2016, which occurred after Plaintiff Peck (a) completed all pre-hire school bus driver training (both classroom and behind-the-wheel training); (b) took and passed her Oregon Department of Transportation Driver and Motor Vehicle Services commercial driver's license ("CDL") test; (c) received her Class B CDL (with passenger and school bus endorsements); and (d) was hired by Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Answering Paragraph 51 of Plaintiff's Complaint, Defendants admit that Plaintiff worked for Defendants during the single seven-day pay period ending October 1, 2016. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendants deny Paragraph 52 of Plaintiff's Complaint.

Page 10 - DEFENDANTS' ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIM FOR ATTORNEY FEES

LITTLER MENDELSON, PC
121 SW Morrison, Suite 900
Portland, OR 97204
Tel: 503.221.0309

53.

Defendants deny Paragraph 53 of Plaintiff's Complaint.

54.

Defendants deny Paragraph 54 of Plaintiff's Complaint.

55.

Paragraph 55 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. To the extent a response is required, Defendants admit that they properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Paragraph 56 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. To the extent a response is required, Defendants admit that they properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Paragraph 57 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. To the extent a response is required, Defendants admit that they properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Paragraph 58 of Plaintiff's Complaint contains a legal assertion/conclusion to which no

response is required from Defendants. To the extent a response is required, Defendants admit that Plaintiff voluntary resigned her employment with Defendants during the last week of September 2016. Except as so admitted, Defendants deny all allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Paragraph 59 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit that they have complied with all applicable wage and hour recordkeeping requirements and properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Paragraph 60 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit that they properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Paragraph 61 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. To the extent a response is required, Defendants admit that they maintain records documenting Plaintiff Peck's attendance at Defendants' pre-hire school bus driver training program. Defendants' further admit that they have complied with all applicable wage and hour recordkeeping requirements and properly paid Plaintiff Peck all wages owed. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. Except as so admitted, Defendants deny all allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendants are unable to respond to the allegations regarding "class members" contained in Paragraph 62 of Plaintiff's Complaint because no class has been certified in this case.

63.

Paragraph 63 of Plaintiff's Complaint contains a legal assertion/conclusion to which no response is required from Defendants. Defendants are unable to respond to Plaintiff's allegations regarding "class members" because no class has been certified in this case. To the extent a response is required, Defendants admit that they properly paid Plaintiff Peck all wages owed. Except as so admitted, Defendants deny all allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.

Defendants deny Paragraph 64 of Plaintiff's Complaint.

65.

Defendants deny Paragraph 65 of Plaintiff's Complaint.

66.

Answering Paragraph 66 of Plaintiff's Complaint, Defendants incorporate their response to Paragraph 42 of Plaintiff's Complaint as set forth above. Except as so admitted, Defendants deny all allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendants deny Paragraph 67 of Plaintiff's Complaint.

68.

Defendants deny Paragraph 68 of Plaintiff's Complaint.

69.

Defendants deny Paragraph 69 of Plaintiff's Complaint.

70.

Answering Paragraph 70 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the requested relief.

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

71.

Plaintiff's claims are barred in whole or in part because Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

72.

Some or all of Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitation.

### THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Belief)

73.

Any failure to pay wages was due to Defendant's bona fide belief that such wages were not due and owing.

### COUNTERCLAIM FOR ATTORNEY FEES

74.

Defendants incorporate their answers and responses in Paragraphs 1-73 above.

75.

Plaintiff's claims are without merit, *see Hurst v. First Student, Inc.*, 2016 U.S. Dist. LEXIS 52631 (D. Or. April 16, 2016), and are brought in bad faith and/or without an objectively reasonable basis. Defendants are therefore entitled to recover their reasonable attorney fees in defending this action pursuant to ORS 653.055(4).

76.

Defendants reserve the right to amend their Answer, Affirmative Defenses and Counterclaim as warranted through the discovery process and the litigation.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. For judgment against Plaintiff on all claims for relief.

2. For an award of Defendants' reasonable attorney fees, costs, expenses and disbursements incurred herein;

3. For appropriate sanctions against Plaintiff's counsel pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927; and

4. For such further relief as the Court deems just, equitable, and proper.

Dated: June 9, 2017

Respectfully submitted,

/s/ Adam E. Brauner
Adam E. Brauner, OSB No. 155133
Jennifer Warberg, OSB No. 035472
Douglas E. Smith, *Pro Hac Vice*
Littler Mendelson, P.C.

Attorneys for Defendants
First Student, Inc., and First Student Management, LLC