# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**CHELSEA PECK**, individually and on behalf
of all similarly situated,

        Plaintiff,

    v.

**FIRST STUDENT, INC.**, a foreign
corporation, and **FIRST STUDENT
MANAGEMENT, LLC**, a foreign limited
liability company,

        Defendants.

Case No. 3:17-cv-0863-SI

**OPINION AND ORDER**

David A. Schuck, Stephanie J. Brown, and Karen A. Moore, SCHUCK LAW, LLC, 9208 NE
Highway 99, Number 107-84, Vancouver, WA 98665. Of Attorneys for Plaintiff.

Adam E. Brauner and Jennifer Warberg, LITTLER MENDELSON, P.C., 121 SW Morrison, Suite
900, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff Chelsea Peck filed a putative class action complaint in the Circuit Court of the

State of Oregon for the County of Multnomah. Plaintiff asserts one claim for relief against

Defendants First Student, Inc. and First Student Management, LLC, for unpaid wages under

Oregon Revised Statutes § 652.150, and attorney's fees under Oregon Revised Statutes § 652.200. Defendants removed the case to this Court, asserting both federal question and diversity jurisdiction. Defendants assert federal question jurisdiction based on Plaintiff's allegation in her Complaint that Defendants are subject to the Americans with Disabilities Act ("ADA"). Defendants assert diversity jurisdiction based on Plaintiff's allegation of $3,900 in damages and Defendants' statement that the jurisdictional threshold will be met with future attorney's fees incurred in this action.

Before the Court is Plaintiff's motion to remand. Plaintiff argues that the Court does not have federal question jurisdiction because her claim arises solely under state law and does not depend on the resolution of any issue of federal law. Plaintiff further argues that the Court does not have diversity jurisdiction because Defendants fail to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. For the reasons discussed below, Plaintiff's motion to remand is granted.

## DISCUSSION

### A.  Legal Standard

A civil action generally may be removed from state court to federal court if the federal district court would have had original, subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Subject matter jurisdiction may be based on either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Diversity jurisdiction exists over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity among all plaintiffs and defendants. 28 U.S.C. § 1332(a)(1). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).

The presence or absence of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).

A motion to remand is the proper procedure for a plaintiff to use when challenging removal. 28 U.S.C. § 1447; *see also Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The party seeking removal bears the burden of establishing by a preponderance of the evidence that removal is proper. *Moore-Thomas*, 553 F.3d at 1244.

**B.  Federal Question Jurisdiction**

Plaintiff alleges only one cause of action, and it is based solely on state law. Thus, federal law does not create the cause of action brought by Plaintiff. Defendants argue, however, that Plaintiff's state law cause of action necessarily requires the interpretation and application of the ADA, a federal statute.

In her Complaint, Plaintiff states two allegations relating to the ADA. The first is in paragraph 12, which states: "Defendants are subject to the requirements of the Americans with Disabilities Act, and amendments thereto." ECF 1-1 at 4. The second is in paragraph 38(c), which alleges that questions common to the putative class include: "Whether Defendants are required to comply with the Americans with Disabilities Act regarding pre-employment requirements for medical examinations." *Id.* at 9.

Plaintiff argues that there is no dispute that Defendants are subject to the ADA, and that even if Defendants were not subject to the ADA, Plaintiff can still prevail on her unpaid wage claim under state law. Plaintiff further argues that her claim does not "arise under" the ADA because her claim asks only whether she performed work for which she was not compensated under Oregon law and whether wages for that work were paid timely at the time of her termination. Plaintiff contends that none of the essential elements of her state law claim depend on the ADA. Defendants respond that the only way for Plaintiff to prove that she was "employed" at the time of her training, the time for which she alleges she was working but not paid, is by relying on the ADA and making an argument that under the ADA, after Plaintiff had her preemployment medical examination she was "automatically" an employee.

The Court may look only within the four corners of the Complaint when evaluating removability. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (noting that "removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings" and that "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage"). Further, "[u]nder the well-pleaded complaint rule, [courts] must determine whether 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *California Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

Based on the allegations in Plaintiff's Complaint, it does not appear that the ADA is an essential element of her state law cause of action. The theory that Defendant's argue, that the only way that Plaintiff can prove she was an employee of Defendants is by arguing that under the ADA she was employed the moment she completed her medical examination, is not a theory

alleged in Plaintiff's Complaint. Accordingly, Defendants fail to show that Plaintiff's state law claim depends on the interpretation and application of a federal law. Thus, Defendants fail to show by a preponderance of the evidence that federal question jurisdiction exists in this case.

## C. Diversity Jurisdiction—Amount in Controversy

Plaintiff alleges that she is owed not less than $3,900 in statutory penalty wages. In order for diversity jurisdiction to apply, damages must exceed $75,000. Defendants argue that the remaining "damages" include future attorney's fees and that a reasonable estimate of those fees more than exceeds $71,101, the amount required for Plaintiff's total damages to exceed $75,000.

Defendants add that although Plaintiff's Complaint only alleges a cause of action under Oregon Revised Statutes § 652.150 and a claim for attorney's fees under § 652.200, Plaintiff mentioned additional claims in her counsel's pre-litigation demand letters. Thus, argue Defendants, Plaintiff must also intend to assert claims under § 653.025 and for attorney's fees under § 653.055. Further, because attorney's fees under § 653.055 may be awarded to any prevailing party, Defendants argue that the Court may consider Defendants' evidence of the attorney's fees that Defendants previously incurred in defending a different case based on similar facts, although alleging different claims. That case was brought by Plaintiff's attorney on behalf of different plaintiffs in a case that was certified as a class action. Defendants' argument is without merit. Plaintiff may have threatened to file several claims, but she only filed one in this lawsuit.

The sole claim alleged by Plaintiff has a statutory basis on which Plaintiff may recover attorney's fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d

975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *19 (C.D. Cal. 2012) (collecting cases); *see also Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue.").

Courts that reject consideration of future fees do not consider them "because the amount in controversy is to be determined as of the date of removal" and "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, at *2 (D. Ariz. 2010); *accord Gardynski–Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Other courts, however, consider the realities of modern litigation and the fact that significant resources will likely need to be spent before a case will be resolved, and thus conclude that a reasonable estimate of future attorney's fees, based on evidence, may be included in the calculation of the amount in controversy. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal., Mar. 3, 2015); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002).

Plaintiff does not argue that the Court should not consider future attorney's fees in calculating the amount in controversy. Instead, Plaintiff argues that Defendants do not provide sufficient evidence to meet Defendants' burden to show that a reasonable estimate will result in

total damages exceeding $75,000. Plaintiff also argues that any estimate of future attorney's fees must be allocated among all members of the putative class.

Assuming without deciding that it is appropriate to consider future attorney's fees, the Court agrees with Plaintiff that Defendants fail to meet their evidentiary burden of showing by a preponderance of the evidence a reasonable estimate of future attorney's fees. The type of evidence that courts have considered to estimate reasonable future attorney's fees include a percentage of economic damages alleged, fee awards in similar cases, and estimates of the number of hours that will likely be required to litigate the pending case multiplied by the opposing counsel's hourly rate. *See Cayer v. The Vons Companies*, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017); *Sley v. USAA Cas. Ins. Co.*, 2017 WL 2114773, at *3 (N.D. Cal. May 16, 2017); *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *5 (C.D. Cal. Nov. 4, 2016); *Brady*, 243 F. Supp. 2d at 1011. Defendants provide no such evidence here.

The only evidence submitted by Defendants is a statement contained in the declaration of Defendants' counsel regarding the amount of attorney's fees that each party incurred in prosecuting and defending a different class action lawsuit, *Hurst v. First Student, Inc.*, Case No. 3:15-cv-0021-HZ. Defendants' counsel states that defendants in *Hurst* spent approximately $300,000 in attorney's fees. Defendants' counsel further states that Plaintiff's counsel in the present case, who was also counsel for the plaintiffs in *Hurst*, informed Defendants' counsel during a mediation in *Hurst* that the plaintiffs in *Hurst* had incurred a similar amount in attorney's fees. Plaintiff's counsel disputes the latter statement.

The Court finds Defendants' reliance on the purported attorney's fees incurred in *Hurst* to be insufficient evidence to estimate future attorney's fees in the present case for several reasons. First, the Court does not find Defendants' evidence regarding how much the plaintiffs

spent in *Hurst* to be persuasive. It purports to be a statement from counsel for the plaintiffs in

that case during mediation, but Plaintiff's counsel disputes that any direct communication took

place during the mediation. Second a court certified *Hurst* as a class action. Whether the Court in

the present case will certify a class, and, if so, the size of any certified class, is speculative.

Third, *Hurst* involved different claims from those at issue in the present case.

Finally, *Hurst* involved a class with 3,092 members. The Court rejects Defendants'

argument that the full amount of attorney's fees in *Hurst*, even if proven, should apply to

Plaintiff in the pending case for purposes of considering the amount in controversy. In

considering the amount in controversy in a putative class action, the Ninth Circuit directs courts

to look at the specific statutory text governing the applicable fee award to determine whether the

fee award goes to the *representative parties* or to the entire *class*. *See Gibson v. Chrysler

Corp.*, 261 F.3d 927, 942-943 (9th Cir. 2001). When a fee award goes to the entire class, then the

full amount of estimated attorney's fees cannot be attributed solely to the named plaintiff for

purposes of calculating the amount in controversy. *Id.* at 943.

Defendants cite to Rule 32 M(1)(b) of the Oregon Rules of Civil Procedure ("ORCP") as

allocating attorney's fees only to the representative plaintiff and individual class members who

have appeared. Defendants misunderstand ORCP 32 M. The specific provision cited to by

Defendants only applies to the *liability* of class plaintiffs for an award of attorney's fees that they

may owe to a prevailing defendant class. *See* ORCP 32 M(1)(b) ("If under an applicable

provision of law a defendant or defendant class is entitled to attorney fees, costs, or

disbursements from a plaintiff class, only representative parties and those members of the class

who have appeared individually are liable for those amounts."). The provisions of ORCP 32 M

that apply to awards of attorney's fees *to* plaintiffs in a class action include ORCP 32 M(1)(d)

and (1)(e). These provisions provide that an award of attorney's fees benefitting a class is made to the entire class and not only to the representatives and individual class members who have appeared. *See* ORCP 32 M(1)(d) ("The court may order the adverse party *to pay to the prevailing class* its reasonable attorney fees and litigation expenses if permitted by law in similar cases not involving a class." (emphasis added)); ORCP 32 M(1)(e) ("In determining the amount of attorney fees *for a prevailing class* the court shall consider the following factors…." (emphasis added)).

Accordingly, even if Defendants had provided sufficient evidence that *Hurst* was a similar case involving similar claims with a similar class size and the pending case could be expected to have similar attorney's fees as *Hurst*, those fees must be allocated across the class for purposes of calculating the amount in controversy. With a class of approximately 3,000 members, a fee estimate of $300,000 results in only $100 in fees attributable to each member. Even if that amount were added to Plaintiff's claim of $3,900 in actual damages, the resulting amount remains well below the jurisdictional minimum.

In cases where the damages alleged are close to meeting the jurisdictional threshold, it may be reasonable to estimate that including attorney's fees will exceed $75,000. But Plaintiff alleges only $3,900 in damages. Defendants offer little beyond speculation that Plaintiff's attorney's fees will result in another $71,101 needed to satisfy the jurisdictional amount in controversy. *See Wastier v. Schwan's Consumer Brands*, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007) ("Further, even assuming that the correct approach is to include a reasonable estimate of fees likely to be recovered, [d]efendant['s] calculations are speculative, lack evidentiary support, and are conclusory at best.").

**CONCLUSION**

Plaintiff's Motion to Remand (ECF 8) is GRANTED. This case is REMANDED to the

Circuit Court of the State of Oregon for the County of Multnomah. The Clerk of the Court is

directed to send the files in this case to the Clerk of the Multnomah County Circuit Court.

**IT IS SO ORDERED.**

DATED this 2nd day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge